IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J. MICHAEL MAULSBY o/b/o
SARAH ENID BECK,

    Plaintiff,

v.                                        No. 13-cv-0226 LH/SMV

CAROLYN COLVIN,
Acting Comm'r of SSA,

    Defendant.

**MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand the Administrative Decision [Doc. 23] and Memorandum Brief in Support . . . [Doc. 24] (collectively, "Motion"), filed on August 29, 2013. The Commissioner responded on November 4, 2013. [Doc. 28]. Plaintiff replied on November 20, 2013. [Doc. 27]. The case was assigned to me on December 16, 2013, after the retirement of the previous referral judge. [Doc. 31]. On January 7, 2014, the Court referred the case to me for analysis and recommended disposition. [Doc. 32]. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in evaluating the opinion of treating physician Ralph Luciani, D.O. Remand is necessary for proper evaluation of Dr. Luciani's opinion and similarly for the opinion of Aaron Kaufman, D.O. Therefore, I recommend that the Motion be granted and that the case be remanded for further proceedings. However, because further findings are needed, an award of benefits is not appropriate at this time.

## I. Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. §§ 404.970(b) and 416.1470(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence submitted to the Appeals Council.

substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2]

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III. Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on May 29, 2009, and for supplemental security income on June 8, 2009. Tr. 13. She alleged a disability onset date of June 2, 2007. *Id.* Her claim was denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Ann Farris held a hearing on March 8, 2011, in Albuquerque, New Mexico. Tr. 13, 28. Plaintiff and her attorney, Barbara Jarvis, appeared in person. Tr. 11, 30. The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Diane Weber, who also appeared in Albuquerque. Tr. 11, 32–65.

The ALJ issued her unfavorable decision on May 4, 2011. Tr. 13–19. At step one, she found that Plaintiff had not engaged in substantial, gainful activity since June 2, 2007, the alleged onset date. Tr. 15. Next, at step two, she found that Plaintiff suffered from the following severe impairments: plantar fasciitis and mild scoliosis. *Id.*

At step three, she found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 16. Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 16–18.

> [Plaintiff] has the [RFC] to perform less than the full range of light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) that allows her to alternate between sitting and standing approximately every 30 minutes; that requires her to stand and or walk for no more than 4 hours in an 8-hour workday; and that requires frequent, but not constant handling and fingering.

Tr. 16. In making her RFC assessment, the ALJ explained that she accorded "very little weight" to the opinions of treating providers Jennifer Burns, D.C., and Edalyn K. Johnson, F.N.P., because their opinions were "quite conclusory and inconsistent with the evidence as a whole . . . ." Tr. 18.[3]

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a grant writer. Tr. 18. Accordingly, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act, and she denied the claim on May 4, 2011. Tr. 19.

Plaintiff filed a second claim on May 16, 2011, which was approved on August 30, 2011. [Doc. 24] at 1. Therefore, the instant action relates only to a closed period of time

---

[3] Apparently, in formulating the RFC, the ALJ relied on the opinion of N.D. Nickerson, M.D. *See* Tr. 18 ("This [RFC] determination is consistent with the opinions of the State Agency medical consultants who have also found the claimant is not disabled."). Dr. Nickerson is the only agency physician who gave an opinion about Plaintiff's functional limitations. *Compare* Tr. 424–31 (Dr. Nickerson's assessed limitations), *and* 610 (affirmance of Dr. Nickerson's assessment by John Pataki, M.D.), *with* 416–19 (report by Karl R. Moedl, M.D., containing no assessment of limitations), *and* Tr. 433–35 (psychological evaluation of Louis Wynne, PhD, containing no assessment of limitations), *and* Tr. 436−48 (psychiatric review technique form of Scott Walker, M.D., assessing "no functional limitations from a mental perspective"). Dr. Nickerson opined that Plaintiff's exertional limitations were consistent with light work and that, additionally, she could only occasionally climb, balance, stoop, kneel, crouch, and crawl. *Compare* Tr. 425–26 (Dr. Nickerson's assessed limitations), *with* 20 C.F.R §§ 404.1567(b), 416.967(b) (defining "light work").

between June 2, 2007 (the alleged onset date) and May 8, 2011 (the date on which Plaintiff was found to be disabled in the second application proceedings). [Doc. 28] at 1.

Plaintiff requested review of her original application by the Appeals Council, which considered additional evidence submitted by Plaintiff, including documentation from Plaintiff's treating physician, Dr. Kaufman. Tr. 1, 4. Nevertheless, the Appeals Council denied Plaintiff's request for review on February 6, 2013. Tr. 1−3. Plaintiff timely filed the instant action on March 8, 2013. [Doc. 1]. The claimant, Ms. Beck, passed away on August 14, 2013. [Doc. 25] at 2. Mr. Maulsby was substituted as Plaintiff on Ms. Beck's behalf, on September 25, 2013. [Doc. 27].

## IV. Analysis

Plaintiff makes several arguments, all of which are rooted in the same error, i.e., that the ALJ improperly failed to give controlling weight to the opinions of her treating medical sources. If they had been given controlling weight, Plaintiff argues, more of her impairments would have been found "severe" at step two, her RFC would have been more restrictive, and she would have been found disabled. [Doc. 24] at 11−21. I find that remand is required for consideration of Dr. Luciani's and Dr. Kaufman's opinions under the proper legal standards. Because the other errors alleged by Plaintiff will necessarily be affected by consideration of these opinions, those alleged errors need not be addressed at this time.

Plaintiff contends that the ALJ failed to give proper weight to the opinions of Plaintiff's treating medical sources: Dr. Luciani, Nurse Practitioner Johnson, Dr. Kaufman, and Dr. Burns. [Doc. 24] at 11−14. She argues that because the treating sources' opinions are sufficiently

consistent with each other and with the record, they should have been given controlling weight. *Id.* (citing Social Security Ruling ("SSR") 96-2p).  Specifically, she argues that the ALJ erred in failing to discuss Dr. Luciani's opinion in any way.  [Doc. 24] at 11.  She further complains that the opinions of Nurse Practitioner Johnson and Dr. Burns should have been given controlling weight under SSR 06-03, even though they are not "acceptable medical sources."  *Id.* at 12.  Plaintiff contends that the ALJ's reasons for rejecting the opinions of Nurse Practitioner Johnson and Dr. Burns—because they are conclusory and inconsistent with the record—are not supported by substantial evidence because, in fact, the opinions *are* consistent with the record. *Id.* at 13–14.  Finally, she argues that because Dr. Kaufman's assessed limitations are consistent with the limitations assessed by the other treating sources, such limitations should have been given controlling weight. *Id.* at 13–14.

The Commissioner responds that the ultimate question of whether Plaintiff can work is reserved for the Commissioner.  Accordingly, to the extent that the treating sources opined that Plaintiff cannot work, such opinions are not entitled to controlling weight.  [Doc. 28] at 5, 8 (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)).  The Commissioner is correct that treating source opinions as to the ultimate question of disability are not entitled to controlling weight. Plaintiff does not argue otherwise. *See* [Doc. 29].

With respect to the treating sources' opinions on *other* topics, such as Plaintiff's exertional limitations, however, the Commissioner gives various reasons why the opinions should not be given controlling weight.  [Doc. 28] at 5–9.  For example, the Commissioner argues that Dr. Luciani's opinion is not entitled to controlling weight because it is not supported

7

by any medical reports and because there is evidence that Dr. Luciani had not seen Plaintiff since July 8, 2008. *Id.* at 5–6. The Commissioner argues that the record does not indicate that Nurse Practitioner Johnson had a specialty in a particular area or that she worked with a physician with a particular specialty. *Id.* at 8. Finally, she contends that Dr. Kaufman's opinion is not entitled to controlling weight because it is not supported by any treatment note from the relevant time period. *Id.* at 9. However, none of these reasons were provided by the ALJ herself. *Compare* [Doc. 28] at 5–9, *with* Tr. 13–19.

Reviewing courts must evaluate an ALJ's decision "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). It would be improper for a reviewing court to "supply[] possible reasons" for an ALJ's decision after the fact. *Id.* A court may not make a "post hoc effort to salvage [an] ALJ's decision" because such an effort would thrust the court beyond its proper role of judicial review and into the exclusive domain of the administrative agency as defined by Congress. *Id.* at 1084–85 (quoting *Allen v. Barnhart*, 357 F. 3d 1140, 1142 (10th Cir. 2004)). Therefore, I may only consider the reasons provided by the ALJ herself and may not consider the post hoc support offered by the Commissioner.

The ALJ's only rationale for rejecting the opinions of the treating sources was that Nurse Practitioner Johnson's and Dr. Burns' opinions were "quite conclusory and inconsistent with the evidence as a whole." Tr. 18. I find that these reasons are not supported by substantial evidence in light of Dr. Luciani's and Dr. Kaufman's opinions, which the ALJ failed to address

8

in any way. I find that remand is required for evaluation of Dr. Luciani's and Dr. Kaufman's opinions according to the proper legal standards.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

Treating physician opinions—in order to receive controlling weight—must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and must be weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c). However, not every factor is applicable in every case, nor should all six factors be

seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two steps. First, the ALJ must find that the opinion (a) is not supported by medical evidence and/or (b) is not consistent with the record. Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above. Like all findings, an ALJ's findings in these two steps must be supported by substantial evidence.

The ALJ failed to address Dr. Luciani's opinion at all. *See* Tr. 13–19. Because she failed to perform the treating physician analysis, remand is warranted. *See Watkins*, 350 F.3d at 1301 (remanding for application of the treating physician analysis). Likewise, on remand, Dr. Kaufman's opinion should be evaluated according to the treating physician rule.[4] *See id.*

---

[4] Dr. Kaufman's opinion was not before the ALJ, so she did not complete the treating physician analysis, nor could she have. *Compare* Tr. 19 (ALJ's decision dated May 4, 2011), *with* Tr. 4, 695 (Dr. Kaufman's opinion dated June 22, 2011). However, I must review the ALJ's decision based on "the record as a whole," which includes Dr. Kaufman's opinion. *See O'Dell*, 44 F.3d at 858. On the one hand, remand is generally required where the treating physician analysis is not performed. *Watkins*, 350 F.3d at 1301. On the other hand, the Appeals Council is not required to provide an extensive analysis of new evidence; generally it is legally sufficient to state that the evidence does not warrant further review, especially where the new evidence does not undercut the ALJ's decision. *Martinez v. Barnhart*, 444 F.3d 1201, 1207–08 (10th Cir. 2006). However, where the new evidence before the Appeals Council includes a treating physician's opinion and that opinion *does* undercut the ALJ's decision, remand for the treating physician analysis may be required. *See Bolden v. Colvin*, No. 12-cv-0503 CVE-PJC, 2014 U.S. Dist. LEXIS 1920 (D. Colo. Jan. 8, 2014) (unpublished) (remanding under such circumstances). Our sister court in the District of Colorado recently held that remand was warranted where a treating physician's opinion was not before the ALJ but was made part of the record by the Appeals Council, which did not perform the treating physician analysis. *Id.* The court reasoned that, considering a new treating physician opinion, the ALJ's decision could not be upheld without performing the treating physician analysis and making new findings. It remanded to allow the Commissioner to make those findings because analyzing the treating physician's opinion itself would have constituted an impermissible post hoc rationalization. *Id.* Here, because remand is warranted for evaluation

## V. Conclusion

Remand is required for consideration of Dr. Luciani's and Dr. Kaufman's opinions under the proper legal standards. Because the other errors alleged by Plaintiff will necessarily be affected by proper consideration of these opinions, those errors need not be addressed at this time.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Motion to Remand or Reverse [Doc. 23] be **GRANTED** to the extent that the Commissioner's final decision should be **REVERSED** and this case be **REMANDED** for further proceedings in accordance with this opinion.

**IT IS FURTHE RECOMMENDED** that Plaintiff's request for remand for an immediate award of benefits be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

of Dr. Luciani's opinion anyway, and because Dr. Kaufman's opinion undercuts the ALJ's decision, Defendant must also evaluate Dr. Kaufman's opinion.